OPINION
{¶ 1} This appeal arises from the judgment of the Logan County Common Pleas Court, granting summary judgment to plaintiff, Fred Garland, against National Union Fire Insurance Company of Pittsburgh, Pennsylvania.
 {¶ 2} The facts and procedural history leading to this appeal are as follows. On May 10, 1999, Jennifer Scherer ("decedent") was involved in a two-car automobile accident with Vickie Ambs, who was the driver of the other automobile. Decedent, age 25, died as a result of the injuries she sustained from the accident. Neither decedent nor Vickie Ambs had individual insurance coverage at the time of the accident.
 {¶ 3} On the date of the accident, decedent was employed as a waitress at the Bob Evans restaurant in Bellefontaine, Ohio by Bob Evans Farms, Inc. ("Bob Evans"). However, there is no dispute that she was not acting within the course and scope of her employment when the accident occurred. It is also uncontroverted that decedent was occupying her personally owned automobile at the time of the accident. Bob Evans was insured by National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"). National Union had three separate policies of insurance issued to Bob Evans, consisting of a commercial general liability policy, a commercial auto policy, and a commercial umbrella policy.
 {¶ 4} Fred Garland, the father of decedent, and appellee herein, was appointed the executor of decedent's estate and was also appointed as guardian of the estates of decedent's two minor children, Cody and Courtney Scherer. Appellee commenced this action against National Union and asserts that, pursuant to Scott-Pontzer v. Liberty Mut. Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292, decedent's estate is entitled to uninsured/underinsured motorist ("UM/UIM") coverage under all three of National Union policies issued to Bob Evans. National Union denied all obligations to provide UM/UIM coverage to appellee.
 {¶ 5} Subsequently, National Union moved for summary judgment against appellee on the grounds that decedent was not an insured, was not driving a "covered auto," and was not entitled to UM/UIM coverage under the policies. National Union also argued, in the alternative, if coverage under the policy were extended to decedent, the amount of UM/UIM coverage should be limited to $25,000.
 {¶ 6} Appellee moved for summary judgment against National Union seeking judgment that decedent's estate is entitled to UM/UIM motorist coverage under the insurance policies issued to Bob Evans by National Union.
 {¶ 7} The trial court granted appellee's motion for summary judgment in part and ordered that appellee is entitled to make UM/UIM claims under two of the insurance policies issued by National Union to Bob Evans, specifically the commercial auto policy and the umbrella policy.[1] The trial court denied National Union's summary judgment motion to limit UM/UIM liability to $25,000.
 {¶ 8} It is from this judgment that National Union now appeals asserting three assignments of error for our review.
 {¶ 9} We begin with National Union's second assignment of error.
 ASSIGNMENT OF ERROR NO. II The trial court erred in determining that appellee Garland is entitledto uninsured/underinsured motorist coverage under defendant-appellantNational Union Fire Insurance Company of Pittsburgh, Pennsylvania'scommercial auto policy No. CA 457-57-53 as he is not an insured under thepolicy.
 {¶ 10} The standard for review of a grant of summary judgment is one of de novo review. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Such a grant will be affirmed only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, "summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor." Id.
 {¶ 11} In the case sub judice, the parties do not dispute the relevant facts. The controversy concerns the interpretation of National Union's insurance policy and whether, given this set of facts, it extends coverage to decedent. Thus, this Court need only determine whether the commercial auto policy provides decedent coverage as a matter of law pursuant to Scott-Pontzer v. Liberty Mut. Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292, and its progeny.
 {¶ 12} Pursuant to the Ohio Supreme Court's decision inScott-Pontzer, appellee claims that decedent was entitled to UM coverage under the policies issued to Bob Evans by National Union. InScott-Pontzer, the Court determined that when the only named insured is a corporation, coverage is not limited solely to the corporate entity, but rather, is extended to the employees of the corporation Id. at 664.[2]
 {¶ 13} The National Union commercial auto policy herein contains the same ambiguity as found in Scott-Pontzer. Id at 663. The declarations page of the policy lists Bob Evans Farms, Inc. as the only named insured.
 {¶ 14} However, pursuant to the Supreme Court of Ohio's recent decision in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, the holding and rationale of Scott-Pontzer has been limited "by restricting the application of [UM/UIM] coverage issued to a corporation to employees only while they are acting within the course and scope of their employment unless otherwise specifically agreed."Galatis, supra at ¶ 2.
 {¶ 15} In Galatis, the Court stated:
[t]he general intent of a motor vehicle insurance policy issued to acorporation is to insure the corporation as a legal entity againstliability arising from the use of motor vehicles.[3] It is settled lawin Ohio that a motor vehicle operated by an employee of a corporation inthe course and scope of employment is operated by and for the corporationand that an employee, under such circumstances, might reasonably beentitled to uninsured motorist coverage under a motor vehicle insurancepolicy issued to his employer.[4] However, an employee's activitiesoutside the scope of employment are not of any direct consequence to theemployer as a legal entity. An employer does not risk legal or financialliability from an employee's operation of a non-business-owned motorvehicle outside the scope of employment. Consequently, uninsured motoristcoverage for an employee outside the scope of employment is extraneous tothe general intent of a commercial auto policy.
Id at ¶ 20.
 {¶ 16} Accordingly, the Court held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for [UM/UIM] coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at ¶ 62.
 {¶ 17} It is undisputed that the automobile decedent was occupying at the time of the accident was not owned by Bob Evans. It is further undisputed that appellant was not acting within the scope of her duties nor acting in any way related to his employment with Bob Evans when the accident occurred. Furthermore, the business auto policy at hand does not otherwise provide for UM/UIM coverage for employees while acting outside the course and scope of employment. We, therefore, hold that, pursuant toGalatis, decedent was not an insured for purposes of UM/UIM coverage under the business auto policy issued to Bob Evans by National Union.
 {¶ 18} Based upon the Supreme Court of Ohio's decision in Galatis
which was released subsequent to the trial court's judgment herein, the trial court's judgment that appellee was entitled to UM/UIM coverage under National Union's commercial auto policy is error. Appellant's second assignment of error is sustained.
 ASSIGNMENT OF ERROR NO. III The trial court erred in determining that appellee Garland is entitledto uninsured/underinsured motorist coverage under defendant-appellantNational Union Fire Insurance Company of Pittsburgh, Pennsylvania'sumbrella policy No. BE 701-00-32 as he is not an insured under thepolicy.
 {¶ 19} Within the second assignment of error, National Union asserts that the trial court erred in finding that appellee was entitled to UM/UIM coverage under the umbrella policy issued by National Union to Bob Evans. Conversely, appellee contends that decedent qualified as an insured for purposes of the National Union umbrella policy.
 {¶ 20} In Scott-Pontzer, the Ohio Supreme Court reaffirmed its prior holding that "excess liability insurance must comport with R.C.3937.18 and thus uninsured (and underinsured) motorist coverage must be tendered." Scott-Pontzer, 85 Ohio St.3d at 665; citing Duriak v. GlobeAm. Cas. Co. (1986), 28 Ohio St.3d 70, 72.
 {¶ 21} The failure by the insurer to offer such coverage results in the provision of coverage by operation of law. Id., citing Gyori v.Johnston Coca-Cola Bottling Group (1996), 76 Ohio St.3d 565, 568.
 {¶ 22} The appellee herein asserts that the umbrella policy issued by National Union does not contain UM/UIM coverage, that there was no valid rejection of UM/UIM coverage, and that UM/UIM coverage, therefore, arises by operation of law. Conversely, National Union maintains that there was a valid offer and rejection of UM/UIM coverage and that UM/UIM coverage does not arise by operation of law. However, it is not necessary to resolve this rejection issue in order to decide the matter before us.
 {¶ 23} R.C. 3937.18 requires only that UM/UIM coverage be "offered to persons insured under the [liability] policy" of insurance. Emphasis added, Rall v. Johnson, Wyandot App. No. 16-02-13, 2003-Ohio-1373, at ¶ 12; citing Bianchi v. Moore (May 11, 2001), Erie App. No. OT-00-007, appeal not allowed by (2001), 93 Ohio St.3d 1417. Accordingly, where a party neither expressly nor impliedly qualifies as an insured, as defined within an umbrella policy or the underlying policies for which the umbrella policy provides excess coverage, that party is not entitled to be offered, and, therefore, cannot recover, UM/UIM coverage by operation of law. Rall, 2003-Ohio-1373, at ¶ 12; citing Mazza v. Am. Continental Ins. Co., Summit App. No. 21192, 2003-Ohio-360 at ¶ 82-92; affirmed by In Re Uninsured Underinsured Motorist Coverage Cases, 100 Ohio St.3d ___,2003-Ohio-5888; De Uzhca v. Derham (Apr. 5, 2002), Montgomery App. No. 19106, 2002-Ohio-1814. Having already determined that decedent was not an insured under the underlying business auto policy, if we find that decedent herein is not an insured there under the umbrella policy, then our inquiry is at an end. See Id., quoting Scott-Pontzer,85 Ohio St.3d at 662.
 {¶ 24} Pursuant to Section I in the commercial umbrella policy form, National Union agrees to "pay those sums * * * that the Insured
becomes legally obligated to pay by reason of liability * * * for Bodily Injury * * *." Emphasis added. The named insured under the National Union umbrella policy is "Bob Evans, Inc." However, Section IV(E) of the commercial umbrella policy form contains eight clearly stated definitions of an insured. These definitions preclude any Scott-Pontzer type of ambiguity. The definition applicable to the case at bar provides, in pertinent part, that an "insured" is "[a]ny of your partners, executive officers, directors, stockholders, or employees but only while acting within their duties."
 {¶ 25} It is undisputed that the decedent was not acting within the scope of her duties or acting in any way related to her employment at Bob Evans at the time of the accident. Thus, in accordance with the umbrella policy's definition of an insured, decedent was not an insured. Because R.C. 3937.18 only requires that UM/UIM coverage be offered to persons insured under the liability policy, our inquiry is at an end. No UM/UIM coverage is available to decedent under the policy by operation of law. See Am. Motorists Ins. Co. v. Unger, Defiance App. No. 4-02-30, 2003-Ohio-1889. Accordingly, National Union's third assignment of error is sustained.
 ASSIGNMENT OF ERROR NO. I The trial court erred in determining that appellee Garland is entitledto uninsured/underinsured motorist coverage in excess of $25,000 underdefendant-appellant National Union Fire Insurance Company of Pittsburgh,Pennsylvania's commercial auto policy No. CA 457-57-53 since there was avalid, written reduction of uninsured motorist coverage to $25,000.
 {¶ 26} Having sustained National Union's second and third assignments of error, Assignment of Error No. I is rendered moot and is accordingly, overruled.
 {¶ 27} Search Term End Search Term Begin Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 WALTERS and SHAW, JJ. concur.
[1] The trial court also found that, pursuant to of R.C. 3937.18(L)(1) and (2), the "general liability" policy issued to Bob Evans was not an automobile liability policy, and therefore the plaintiffs-appellees were not covered by it. Neither party to this appeal asserts any assignment of error as to this portion of the trial court's decision.
[2] This coverage was later extended to include family members of the corporation's employees. See Ezawa v. Yasuda Fire Marine Ins. Co.
(1999), 86 Ohio St.3d 557, 558, 715.
[3] Citing King v. Nationwide Ins. Co., 35 Ohio St.3d at 211.
[4] Citing Id. at 213. See, also, Selander v. Erie Ins. Group (1999),85 Ohio St.3d 541.